**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| *In re:* | ) | |
| ADRIENNE L. BUTLER, | ) | Bankruptcy No. 17 B 25014 |
| | ) | |
| | ) | Adv. No. 22 A 189 |
| | ) | |
| Debtor. | ) | Judge David D. Cleary |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ | ) | |
| | ) | |
| ADRIENNE L. BUTLER and | ) | |
| JUAN J. JACKSON, | ) | |
| | ) | Case No. 23-cv-14117 |
| Plaintiffs / Appellants, | ) | |
| v. | ) | Judge Sharon Johnson Coleman |
| | ) | |
| CITY OF CHICAGO, | ) | |
| | ) | |
| Defendant / Appellee. | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Appellants Adrienne Butler and Juan Jackson's appeal of the Bankruptcy Court's September 19, 2023 Ruling dismissing their adversary proceeding against the City of Chicago (the "City"). After reviewing the briefs and hearing both parties at oral argument, the Court affirms in part and reverses in part the Bankruptcy Court's ruling.

**BACKGROUND**

Appellants lived together in Chicago as boyfriend and girlfriend. At the beginning of the bankruptcy proceedings, Jackson was the registered owner of a 2004 GMC Yukon XL ("Yukon"). Jackson allowed Butler to drive the Yukon to school and work daily. The City cited the Yukon with numerous parking tickets.[1] Eventually, the City impounded the Yukon based on the couple's failure to pay those parking tickets.

---

[1] It is unclear whether Jackson, Butler, or both received the tickets. It is also unclear whether the City considered the ticket debt owed by Jackson (the Yukon's owner) or both parties. In any case, these distinctions do not matter to this appeal. The Court will proceed as if the couple owed the debt together.

1

The proceedings in the Bankruptcy Court began on March 31, 2017, when Jackson filed for Chapter 13 bankruptcy relief (the "Jackson 2017 Case"). Jackson listed the Yukon on the Schedule B to the Jackson 2017 Case. Jackson also informed the City of the Jackson 2017 Case filing. Even so, on August 17, 2017, the City impounded the Yukon and claimed a possessory lien against it. Jackson demanded the City release the Yukon the next day, but the City refused to return it until the parking tickets were paid.

Four days after the City impounded the Yukon, on August 21, 2017, Butler filed her own Chapter 13 bankruptcy case (the "Butler 2017 Case"). She did not list the Yukon on her Schedule B but listed the City on Schedule F with a claim against her for $2,500 in "tickets." After Butler's filing, she and Jackson both demanded the City release the Yukon. The City again refused to release the Yukon until $2,600[2] in parking ticket debt was paid. The City did not seek approval from the bankruptcy court for its refusal to release the Yukon, nor for its demand of payment. Two days after filing the Butler 2017 Case, Butler moved to voluntarily dismiss it. The presiding court closed the Butler 2017 Case on October 3, 2017.

After the City refused to release the Yukon the second time, Appellants paid the City $2,600 and the City turned over the vehicle. Appellants split the cost. Butler claims the City's conduct caused her to lose wages, and both Appellants vaguely claim it caused them other damages.

On April 4, 2018, the Trustee in the Jackson 2017 Case filed a motion to dismiss the case based on a failure to make plan payments. The bankruptcy court granted the motion and ultimately closed the case on June 26, 2018. Years later, on November 26, 2022, Butler and Jackson filed the complaint that began this adversary proceeding. Appellants sought relief on four causes of action brought under the following sections of the Bankruptcy Code: 11 U.S.C. §§ 362(a)(2), (a)(4), (a)(6), and § 542. After Appellants amended their adversary-proceeding complaint, the City moved to

---

[2] Butler apparently listed the claim against her as $100 less than the City insisted the couple owed.

2

dismiss. The Bankruptcy Court granted the City's motion in a 12-page written decision and dismissed the adversary proceeding. (Dkt. 1-5, the "Bankr. Op.")

On December 8, 2022, after filing the adversary proceeding, Butler filed another case in bankruptcy court (the "Butler 2022 Case"). The Butler 2022 Case is the only bankruptcy case that remains open.

## LEGAL STANDARD

Federal district courts have jurisdiction over appeals from final orders of bankruptcy courts pursuant to 28 U.S.C. § 158(a)(1). "A final resolution of any adversary proceeding is appealable, as it is equivalent to a stand-alone lawsuit." *Fifth Third Bank, Indiana v. Edgar Cnty. Bank & Tr.*, 482 F.3d 904, 905 (7th Cir. 2007) (citations omitted). Review of a bankruptcy court's dismissal of an adversary complaint is *de novo*. *In re Consol. Indus.*, 360 F.3d 712, 716 (7th Cir. 2004).

## DISCUSSION

### 1. Section 542

The Bankruptcy Court's analysis of Appellants' Section 542 claim is somewhat complicated. Because Appellants' request for recovery under Section 542 was "muddled," the Bankruptcy Court addressed two possible legal theories: (1) a request that the court order the City to turnover the Yukon under Section 542 or hold the City in contempt for failing to do so ("Turnover Theory"); and (2) a request for an accounting under Section 542 for the value of the loss caused by the City's actions, since the City had already turned over the Yukon at the time of the dispute ("Accounting Theory").[3] (*See* Bankr. Op. at 7–11.)

Both parties and the Bankruptcy Court seem to agree that an adversary proceeding would be the proper procedure through which to prosecute an action for turnover of the Yukon itself under

---

[3] The Court uses the terms "Turnover Theory" and "Accounting Theory" for ease of reference to the Bankruptcy Court's reasoning, but neither theory is limited to the relief its name suggests.

the Turnover Theory.  (*See, e.g.*, Bankr. Op. at 9 (citing *Matter of Perkins*, 902 F.2d 1254, 1258 (7th Cir. 1990) ("A turnover action is an adversary proceeding which must be commenced by a properly filed and served complaint.")).)  But the Bankruptcy Court quickly and correctly disposed of that theory because, as all agree, "the City has already given [Appellants] the Yukon."  (*Id.*)

The bankruptcy court construed the only possible remaining relief under the Turnover Theory as a contempt proceeding.  That is, if Appellants sought turnover of the Yukon itself but had already received the Yukon, the Bankruptcy Court may be able to provide "relief [through] a finding of contempt for the City's failure to comply with § 542 and to turn over the Yukon immediately."  (*Id.*)  Under this form of the Turnover Theory, the bankruptcy court held that such a claim must be brought by motion under Local Bankruptcy Rule 9020-1 rather than adversary proceeding.  (*Id.* at 8–10.)

Having disposed of the Turnover Theory, the Bankruptcy Court turned to the Accounting Theory.  Importantly, the Bankruptcy Court's analysis on this theory did not turn on the distinction between a contested motion and an adversary proceeding.  Instead, the Bankruptcy Court dismissed the Accounting Theory on the merits based on 11 U.S.C. § 349(b).  It construed the Accounting Theory as seeking at least the value of "delay in time between [Appellants'] demand for turnover and the time the City returned the vehicle," noting that the Supreme Court has recognized the requirement that an entity account for the value of property that is damaged or lost.  (*Id.* at 10 (citing *City of Chicago, Illinois v. Fulton*, 592 U.S. 154, 141 S. Ct. 585, 591 (2021).)  The court then agreed with the City that "when the court dismissed [Appellants'] bankruptcy cases, § 349 'relieved the City of any duty under § 542 that may have existed during the case.'"  (*Id.* at 10 (citations omitted).)

Appellants confuse the Bankruptcy Court's ruling on appeal.  Even when pressed at oral argument, Appellants were unclear about their requested relief; they seem to seek some value related to the Yukon (though not the Yukon itself) and lost wages while it was impounded.  Appellants

4

unequivocally do not seek a contempt finding. In other words, Appellants confirm they seek relief under the Accounting Theory. But Appellants did not challenge the Bankruptcy Court's ruling that their Accounting Theory failed on the merits. Instead, they challenge only the Bankruptcy Court's reasoning on the Turnover Theory, which is the relief that they disclaim.

This mismatch presents a problem for Appellants' Section 542 appeal. Even if the Court were to agree that the Bankruptcy Court's analysis on the Turnover Theory was wrong, Appellants would not obtain the remedy they seek, i.e., relief under the Accounting Theory, because the Bankruptcy Court dismissed that theory on its merits. Appellants have thus waived a challenge to the portion of the ruling dismissing the only relief they seek on appeal. *See Edwards v. Obadina*, 413 F. App'x 897, 898 (7th Cir. 2011) (finding waiver where appellant "raise[d] no argument challenging the dismissal of his complaint for failure to state a claim"); *Duncan v. State of Wis. Dep't of Health & Fam. Servs.*, 166 F.3d 930, 934 (7th Cir. 1999) ("a party must develop any arguments it wishes this court to consider in its appellate brief, or they will be deemed waived or abandoned"). The Court therefore affirms the Bankruptcy Court's Section 542 ruling.

## 2. Section 362

The Bankruptcy Court held that Butler, the only appellant who seeks relief under 11 U.S.C. § 362, needed to bring her Section 362 claims by contested motion rather than adversary proceeding and dismissed the claims as improperly before the court. This Court disagrees and reverses.

Section 362 provides that a petition filed under certain sections of the Bankruptcy Code "operates as a stay, applicable to all entities," barring various enumerated actions. 11 U.S.C. § 362(a). Butler alleges that the City violated three subsections of this "automatic stay" provision, Sections 362(a)(2), (a)(4), and (a)(6). All those subsections are enforced through Section 362(k), which provides that "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances,

may recover punitive damages." 11 U.S.C. § 362(k). The issue presented here is whether Butler may prosecute these claims through adversary proceeding, as she attempted below, or only through a contested motion in the bankruptcy court.

"All disputes in bankruptcy are either adversary proceedings or contested matters." *Matter of American Reserve Corp.*, 840 F.2d 487, 488 (7th Cir. 1988). As the Bankruptcy Court noted, "adversary proceedings [] are essentially lawsuits brought within a bankruptcy case," Bankr. Op. at 5, and they are limited to those ten enumerated proceedings identified in Fed. R. Bankr. P. 7001.[4] The Bankruptcy Court first explained that "[a] request for an award of damages under § 362(k) is not one of the ten enumerated matters that Rule 7001 requires to be brought by adversary proceeding." Bankr. Op. at 6. That interpretation, however, is not self-evident from the text of Rule 7001. For example, another bankruptcy court in this circuit reached the opposite conclusion:

---

[4] Fed. R. Bankr. P. 7001's ten enumerated proceedings are:

(1) a proceeding to recover money or property, other than a proceeding to compel the debtor to deliver property to the trustee, or a proceeding under § 554(b) or § 725 of the Code, Rule 2017, or Rule 6002;

(2) a proceeding to determine the validity, priority, or extent of a lien or other interest in property, but not a proceeding under Rule 3012 or Rule 4003(d);

(3) a proceeding to obtain approval under § 363(h) for the sale of both the interest of the estate and of a co-owner in property;

(4) a proceeding to object to or revoke a discharge, other than an objection to discharge under §§ 727(a)(8), (a)(9), or 1328(f);

(5) a proceeding to revoke an order of confirmation of a chapter 11, chapter 12, or chapter 13 plan;

(6) a proceeding to determine the dischargeability of a debt;

(7) a proceeding to obtain an injunction or other equitable relief, except when a chapter 9, chapter 11, chapter 12, or chapter 13 plan provides for the relief;

(8) a proceeding to subordinate any allowed claim or interest, except when a chapter 9, chapter 11, chapter 12, or chapter 13 plan provides for subordination;

(9) a proceeding to obtain a declaratory judgment relating to any of the foregoing; or

(10) a proceeding to determine a claim or cause of action removed under 28 U.S.C. § 1452.

> Bankruptcy Rule 7001 specifies the types of disputes that must be litigated as adversary proceedings. Among them are proceedings to recover money or property and proceedings to obtain injunctive or other equitable relief. Bankr. Rules 7001(1) & (7). This is the type of relief that is almost always sought by proceedings seeking to remedy a claimed violation of the automatic stay.

*Matter of Rimsat, Ltd.*, 208 B.R. 910, 913 (Bankr. N.D. Ind. 1997). More recently, a court in this district held that a claim for injunctive relief and damages under § 362 "*must* be brought by way of an adversary proceeding" under Rule 7001. *In re Collum*, 649 B.R. 186, 196 (Bankr. N.D. Ill. 2023).

Beyond the statutory text, the Bankruptcy Court relied on *Matter of Smith*, 111 F.3d 133 (7th Cir. 1997) (unpublished), and *In re Sori*, 513 B.R. 728, 732 n. 2 (Bankr. N.D. Ill. 2014), to support that "a request made under § 362(k) must be brought by motion." Bankr. Op. at 6. The City relies on these same cases on appeal. *Matter of Smith*, however, cannot be read so broadly. Setting aside that this opinion is unpublished and nearly 30 years old, the Seventh Circuit simply did not analyze whether claims to recover damages and other relief under Section 362 could be brought by adversary proceeding. Instead, and in the context of addressing personal jurisdiction, the court analyzed what service of process was required to proceed with a motion for sanctions under § 362(h) (the previous codification of § 362(k)). *See Matter of Smith*, 111 F.3d 133. The court explained that "[a] *motion for sanctions* under § 362(h) is a contested matter that is governed by Bankruptcy Rule 9014," *id.* (emphasis added), but said nothing about whether a request for damages and other relief could be brought as an adversary proceeding instead of a contested motion.

*In re Sori* likewise does not support the conclusion that actions under § 362(k) must be brought by contested motion. The creditor in *Sori* "argue[d] that the relief requested by the Debtor in [its Section 362 sanctions motion] cannot be granted because procedurally she should have filed an adversary proceeding." 513 B.R. at 732 n. 2. The court rejected that argument and "follow[ed] the cases that hold that damages requested for a stay violation *may* be recovered by motion as a contested matter." *Id.* (emphasis added). But just because a debtor *may* seek relief under Section

7

362 through a contested motion does not mean a debtor *may not* seek relief through an adversary proceeding. It is true that "[a]ll disputes in bankruptcy are either adversary proceedings or contested matters," *American Reserve Corp.*, 840 F.2d at 488, but it does not follow that relief under Section 362 can only be pursued through one procedure and not the other. It is equally plausible to read Rule 9014 as merely providing a default procedure for contested matters that are not brought under another section of the Code. As explained below, courts have held that both avenues are open to claims for relief under Section 362 depending on the circumstances.

Appellants, on the other hand, rely on *Price v. Rochford*, 947 F. 2d 829, 831 (7th Cir. Cir. 1991) to support their position that "the debtor [can] proceed by complaint in the district court to seek monetary damages for alleged violations of the automatic stay." (Dkt. 11 at 7.) Proceeding by complaint in the district court, though, is not necessarily the same as proceeding by adversary proceeding in the bankruptcy court. The *Price* court did not answer the question of whether an action for damages for violation of an automatic stay must be brought as a contested motion or adversary proceeding—indeed, it opined on potential procedural issues in a footnote but noted that "[n]one of the parties have questioned the propriety of bringing the case in the district court [] and the defect is not jurisdictional." *Id.* at 832 n. 1.

The parties otherwise cite no cases that are binding on this Court. Appellants' cases, though not binding, support their position. *See, e.g.*, *In re Dean*, 359 B.R. 218, 222 (Bankr. C.D. Ill. 2006) (holding that allegations of actual and punitive damages for violation of an automatic stay are "sufficient to bring the claims within the purview of [an adversary proceeding under] Rule 7001(1)"); *Collum*, 649 B.R. at 196 (same for claims for damages and injunctive relief). The City's authority is more dubious. For instance, the City cites *In re Ballard*, 502 B.R. 311, 313 (Bankr. S.D. Ohio 2013), for the "majority position" that "relief under § 362(k) must be pursued by motion and not adversary proceeding." (Dkt. 13 at 9.) But the City misstates *Ballard's* holding.

8

The City ignores essential language in the decision: "While the court finds that damages for violation of the stay may be pursued through a motion as a contested matter, the court also finds it acceptable to pursue such relief through an adversary proceeding if the debtor or other party seeking such relief proceeds in that manner." *Id.* at 323 n. 14. The City's misstatement may have been inadvertent, but the City spent two pages of its brief focused on the *Ballard* opinion. Contrary to that argument, *Ballard* severely undermines the City's case. *Ballard* is a well-reasoned and well-researched opinion finding Appellants' position "acceptable." *Ballard* aligns with the City's other supposedly supportive cases that, when properly read, hold only that pursuing Section 362 claims by contested motion is permissible, not necessarily mandatory.

Worse yet, the City declines to even address *Collum*, which is nearly identical to this case (and which was litigated by the same attorneys litigating this case). In *Collum*, the Chapter 13 debtor brought a Section 362 adversary proceeding to recover damages and injunctive relief after the City impounded his car for unpaid parking tickets despite notice of his bankruptcy. 649 B.R. at 191. The City argued that the debtor's claim had to be pursued through contempt proceedings rather than adversary proceedings. *Id.* at 195. The Court rejected that argument on numerous grounds. The Court noted, as is the case here, "the Complaint does not rely on contempt. . . . Instead, the Complaint asks for injunctive relief and damages for the actions it attributes to the City." *Id.* Applying Rule 7001, the court held that "such a request *must* be brought by way of an adversary proceeding." *Id.* at 196 (noting that "even where the Bankruptcy Rules appear to require a party to act other than by an adversary proceeding, the Rules themselves both allow for optionality").

This Court finds the reasoning in cases like *In re Collum*, *In re Dean*, and *Matter of Rimsat* persuasive. There is no need to torture the language of the statutory provisions at issue, nor to resort to arguments about legislative history and purpose. The plain language of Section 362 and Rule 7001 is clear. Section 362 gives parties injured by a willful automatic stay violation a right to

"recover actual damages," costs, attorneys' fees, and in some cases "punitive damages." 11 U.S.C. § 362(k)(1). Section 362 itself operates as a sort of automatic injunction, because the mere filing of a petition "operates as a stay" of certain actions against the debtor. 11 U.S.C. § 362(a). Rule 7001 provides that "a proceeding to recover money or property," or to "obtain an injunction or other equitable relief" is an "adversary proceeding." Fed. R. Bankr. P. 7001(1), (7).

Butler seeks to recover money (in the form of damages) and "whatever additional relief is just and proper"—that is, equitable relief—based on a violation of Section 362's automatic injunction against the City. She therefore properly sought to "recover money" or "other equitable relief" through an adversary proceeding under Rule 7001. As the *Ballard* court explained, it was "acceptable," even if not mandatory, for Butler "to pursue such relief through an adversary proceeding." *Id.* at 323 n. 14. "The focus of the court with respect to the choice of procedure—whether contested matter or adversary proceeding—should simply be to ensure that due process is observed. As long as due process is observed, the procedural mechanism through which the relief is sought may be left to the party seeking the relief." *Id.* The Bankruptcy Court's ruling dismissing Butler's Section 362 claims is therefore reversed.

**CONCLUSION**

For these reasons, the Bankruptcy Court's September 19, 2023 Ruling is affirmed in part and reversed in part. The Ruling is affirmed as to Appellants' Section 542 claim but reversed as to Butler's Section 362 claims. The case is remanded for proceedings consistent with this opinion.

**IT IS SO ORDERED.**

Date: 5/24/2024

Entered:

SHARON JOHNSON COLEMAN
United States District Judge